IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JESSIE HILL
ADC# 104136                                                              PLAINTIFF

v.                           No. 4:11-cv-74-DPM

CHRIS E. WILLIAMS; PHILLIP H.
SHIRRON; JOHN W. COLE; DAN
HARMON; HAROLD KING; RICHARD
A. GARRETT; EDDY R. EASLEY; NORMAN
B. FRISBY; ESTATE OF SHERMAN BELL;
BOB ADAMS; NORMAN MARK KLAPPENBACH;
ESTATE OF JOE KELLY HARDIN; DOES,
Jurors/alternate jurors, Grant County Trial,
September 1995; BOB FRAZIER; CRAIN,
Attorney, Malvern, AR; ARKANSAS ATTORNEY
GENERAL, Office and Staff; and CITY
OF SHERIDAN, ARKANSAS                                                    DEFENDANTS

ORDER

The Court of Appeals vacated this Court's earlier judgment, noted this Court's failure to rule on Hill's proposed amendment, *Document No. 10*, and remanded the case for consideration of that motion. *Hill v. Williams*, No. 11-2717, 2011 WL 4809964, at *1 (8th Cir. 12 Oct. 2011). On remand, the Court concludes that the proposed amendment (and a new proposed amendment)

would not cure the defects in Hill's original complaint. The motions to amend are therefore denied; and Hill's complaint is dismissed without prejudice.

Hill's claims are *habeas* claims at heart: he says that he has been wrongfully convicted and that the State is withholding evidence. These claims necessarily imply the invalidity of his conviction. So long as Hill's state conviction stands, his claims are not cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Marlowe v. Fabian*, ___ F.3d___, 2012 WL 1345559 (8th Cir. 19 April 2012). If Hill wishes to pursue his claims, he must do so in a habeas action.

Hill tries to skirt the holdings in *Heck* and like cases. In a post-remand filing, for example, he argues that he is not necessarily implying the invalidity of his conviction because the evidence he seeks "may prove exculpatory, inculpatory, or inconclusive." *Document No. 35, at 2*. This argument is misguided. To the extent the withheld evidence is exculpatory, Hill's *Brady* claim implies that the conviction is invalid. If the withheld evidence is not exculpatory, then no *Brady* violation exists on which to hang a § 1983 claim. Hill cannot avoid the exhaustion requirement by trying to frame habeas claims as § 1983 violations.

Motions to amend, *Document Nos. 10 & 35*, denied. The proposed amendments are futile. If Hill wishes to show his conviction is invalid, then he must exhaust his state-court remedies and seek relief through a petition for a writ of habeas corpus. Hill's complaint, *Document No. 2*, is dismissed without prejudice. The remaining post-remand motions, *Document Nos. 39, 41, 42, & 43*, are denied as moot.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

<u>23 April 2012</u>