IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JESSIE HILL
ADC # 104136                                                                PLAINTIFF

v.                                  No. 4:11-cv-74-DPM

CHRIS E. WILLIAMS; PHILLIP H.
SHIRRON; JOHN W. COLE; DAN HARMON;
HAROLD KING; RICHARD A. GARRETT;
EDDY R. EASLEY; NORMAN B. FRISBY;
ESTATE OF SHERMAN BELL; BOB ADAMS;
NORMAN MARK KLAPPENBACH; ESTATE
OF JOE KELLY HARDIN; DOES, Jurors/Alternate
Jurors, Grant County Trial September 1995; BOB
FRAZIER; CRAIN, Attorney, Malvern, AR;
ARKANSAS ATTORNEY GENERAL, Office and
Staff; and CITY OF SHERIDAN, ARKANSAS                           DEFENDANTS

ORDER

1. Several things can happen in a case on one day. Early this past Monday afternoon, the Court denied as futile Hill's two pending motions to amend his complaint and dismissed his case without prejudice. *Document No. 44*. After this final Order had been filed, the Clerk filed a motion from Hill asking this Court to recuse. According to the time receipts in the CM/ECF system, the Court's Order was docketed at 2:38 p.m, while Hill's motion was

docketed at 4:10 p.m. *Document No. 46*. But the Clerk had received Hill's motion in the mail room around 10:00 Monday morning — see the "Received" stamp on *Document No. 46*. Approximately six hours passed between that receipt and when the Clerk filed the motion around 4:00 in the afternoon. In between, the Court sent its final Order for filing and the Clerk filed it. The Court did not know about Hill's motion to recuse until the Clerk filed it. At that point, late Monday afternoon, a copy of the motion was automatically sent electronically to chambers by the CM/ECF system.

**2.** The basis of Hill's motion to recuse is two-fold: this Court's earlier Order dismissing Hill's complaint without prejudice; and this Court's not granting Hill any relief on various motions and papers that he has filed since the case returned here.

This Court received the Court of Appeals' mandate in early November 2011. The Court should have ruled sooner on Hill's original motion to amend and his second motion to amend, which he filed after the Court of Appeals made its decision. The Court regrets its tardiness. But it has taken the Court some time to scrutinize these motions and related papers, *Document Nos. 10, 11, & 35*, and compare them with Hill's earlier amended complaint and

related exhibits and papers, *Document Nos. 3, 4, & 5*. The Court wanted to be as sure as it could about whether Hill could state a claim under § 1983 with the proposed amendments. *Cf. Document No. 15-1*. This decision required consideration of more than four hundred pages of handwritten material.

The Court's prior ruling against Hill does not provide an adequate basis for recusal. *United States v. Oaks*, 606 F.3d 530, 537 (8th Cir. 2010). And the Court's slow progress on remand does not support recusal either. Contrary to Hill's assertions, the Court has not acted arbitrarily or capriciously or purposefully denied Hill any constitutional rights. *Cf. Document No. 46, at 2*.

Hill seems to be under the impression that the Court of Appeals decided his claims had merit, and he is therefore entitled to relief on them. This is not what happened on appeal. The Court of Appeals vacated the judgment and instructed this Court to consider Hill's proposed amendment, *Document No. 10* and related papers. The point was for this Court to evaluate whether Hill could cure his legally defective complaint by stating a § 1983 claim with his proposed amendment. *Compare Document No. 33, with Document No. 15-1*. This evaluation is what the Court has done on remand. *Document No. 44*.

3. The Court's Order dismissing Hill's complaint without prejudice probably makes the motion to recuse moot. But given that Hill's recusal motion was in the Clerk's hands before the Court ruled on Hill's proposed amendments, the Court wanted to address the merits of the recusal request. Motion to recuse, *Document No. 46*, denied.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

27 April 2012